United States District Court
Southern District of Ohio
Eastern Division

United States of America,

      Plaintiff-Respondent,

v.

Marco Merino,

      Defendant-Movant.

Case No. 2:22-cr-00014-EAS-1

---

**Memorandum Of Law in Support Of Motion To Vacate, Set Aside or Correct Sentence Pursuant To 28 U.S.C. § 2255**

---

Marco Merino, by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of his Motion to Vacate, Set Aside and Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Merino offers the following:

## I. Relevant Facts

On September 27, 2021, Marco Merino ("Merino") was named in a complaint in the Southern District of Ohio. Docket Entry ("DE") 1. Count One was Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 846. Count 2 was a Charge of Federal Program Bribery in violation of 18 U.S.C. § 666(a)(1)(B). Merino was arrested on September 28, 2021, and subsequently ordered detained pending trial. DE 22.

To summarize, during his employment as a detective assigned to the Columbus Division of Police Drug Cartel Unit, Merino engaged in a conspiracy to receive bribe payments that utilized his status as a law enforcement officer to provide protection and safe transport of cocaine as well as the trafficking of fentanyl. Merino's actions involved the directing of an informant to purchase narcotics with personal money, directing an informant to sell illegal narcotics, and providing protection for the transport of cocaine. Presentence Investigation Report ("PSR") ¶ 28.

The United States filed a proposed Bill of Information charging Merino with these crimes on January 28, 2022. On February 8, 2022, Merino waived indictment and entered a plea of guilty to both counts. DE 34, 36.

At Merino's plea hearing the issue of whether he was "safety valve eligible" was discussed by the parties.  Sent Tr. At 12:1-13:25. Key to this discussion was whether a firearm was involved. *Id.*

After Merino's plea, a presentence investigation report was prepared. The Presentence investigation report indicated that "[throughout the course of the conspiracy, Merino possessed a firearm in furtherance of the protection of the cocaine transportations. During the August 13, 2021, the defendant lifted his shirt to reveal the firearm to UC2. As such, he possessed a firearm in connection with drug trafficking activities and a two-level increase is applied]". PSR at ¶ 44. While the report indicated that Merino possessed a firearm in furtherance of the protection of the cocaine transportations," the report did not specifically mention any other incident or act.

At sentencing the government and Merino's District Court Counsel agreed that the parties came to an agreement regarding the quantity of the drugs. Sent. Tr. At 3:17-5:14. This agreement put the amount of drugs at issue in the case between 10,000 and 30,000, down from 30,000 and 90,000. *Id.* No objections or assertions as to whether Merino should receive the two level enhancement for the firearm or the "Safety Valve" were part of the record. *Id.* At 5:15-18. Ultimately Merino was sentenced to 108 months. *Id.* At 22:3-8.

## II. Timeliness

This motion is timely under 28 U.S.C. § 2255(f)(1) as it is filed within one year of Merino's judgment becoming final. Written Judgment was issued against Merino on February 2, 2023. DE 50. From that point, Merino had 14 days to appeal but did not. As such, Merino's case was finalized on February 16, 2023. Under § 2255(f)(1), Merino's motion is timely if filed on or before February 16, 2021.

## III.  Legal Framework

Section 2255 gives the court the ability to grant relief if a prisoner's constitutional rights were infringed. *See* 28 U.S.C. § 2255, *see also Gilbert v. United States*, 64 F.4th 763, 770 (6th Cir. 2023). As the effective assistance of counsel is a constitutional right, ineffective assistance of counsel claims are cognizable under § 2255.  *See Gilbert,* 64 F.4th at 760, *see also Massaro v. United States,* 538 U.S.500, 504, 508-09 (2003).  The right to effective assistance of competent counsel extends to sentencing. *See Padilla v. Kentucky,* 559 U.S. 356, 373.

Claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, Merino must show that his counsel's performance was both objectively unreasonable and prejudicial. *Id.* at 687-88. Merino can satisfy the first prong by demonstrating that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. The second prong can be satisfied by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

## IV. Argument

A.      Merino's Counsel was Constitutionally Ineffective in Failing to object to the Firearm Enhancement

The Presentence Investigation Report indicated that Merino should receive an enhancement for the firearm, indicating that the firearm was used in connection with the offense. PSR ¶ 44. The commentary, Application note #11(A) indicates that the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons and that the enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. *Id*, *see also* U.S.S.G. § 2D1.1(b)(1), Application Note #11(A).

"A trial counsel's failure to object to the improper application of the sentencing guidelines may amount to the ineffective assistance of counsel." *Cunningham v. Palmer*, No. 2:09-12553, 2010 U.S. Dist. LEXIS 21761, at *19 (E.D. Mich. Mar. 10, 2010), *citing United States vs. Burnett*, 55 F.Supp.2d 410, 413 (D.S.C. 1999).

As was indicated in the PSR, Merino agreed to engage in "protection" of the transports of drugs. *See* PSR ¶¶ 11, 18-22, 28. But the PSR does not indicate what that protection was meant to entail or whether the firearm was part of that protection. The PSR indicates Merino stated that he could access law enforcement databases to provide protection and to intervene if the cocaine was intercepted by law enforcement. PSR at ¶ 20. And Merino had fellow law enforcement officers that were available via radio to intervene with law enforcement along the route. *Id.* But there were no specific articulable facts in the PSR about how the firearm was to be used in the furtherance of that protection, intervention or any other aspect of the offense.

The Presentence investigation report specifically references a time when Merino "lifted his shirt upon meeting with UC2 to reveal a firearm in his waistband." PSR at ¶ 21. Merino indicates that this statement was not in connection with the drug offense, rather it was an off-hand remark after the transport of the drugs was completed for the day. *See* Exhibit A.[1]

The mere presence of a firearm alone is not enough to be in connection with the offense. *See United States vs. Peters*, 15 F.3d 540 (6th Cir. 1994) (semi-automatic .38 caliber pistol and fully-loaded magazine in zippered leather pouch near drugs, jury acquitted defendants of using and carrying firearm in relation to a drug trafficking offense, district court found that two-level increase pursuant to 2D1.1(b)(1) not warranted, upheld on appeal as not clearly erroneous), *see also United*

---

[1]     Merino will supplement his motion with a signed affidavit.

*States v, Lucas,* 282 F.3d 414, (6th Cir. 2002),*overruled on other grounds*, *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002) (firearm found in car that Lucas was driving not possessed in connection with a drug trafficking offense when no evidence presented that Lucas owned the gun, owned the car or knew that the gun was in the car's glove compartment, nor was it used, displayed or involved in the meeting by Lucas). While the facts of Merino's case are different from *Lucas* and *Peters*, they show that there are times when the presence of a firearm was not enough to show that a firearm was used in connection with an offense.

Merino indicated that when he asked his Counsel Sherman to object to the denial of this enhancement, counsel refused to do so. *See* Exhibit A. Had counsel Sherman objected to the application of the firearm enhancement to Merino's case, there is a reasonable likelihood that the enhancement would not have applied to him and as such, Counsel Sherman engaged in ineffective assistance of counsel.

B. Merino's Counsel was Constitutionally Ineffective in Failing to Move for "Safety Valve" Relief

During the plea hearing the court discussed the eligibility of the safety valve to the parties. The government indicated that Merino may not be eligible "because he possessed a firearm in furtherance of the crime." Attorney Sherman indicated that he understood what the prosecutor was saying but that he was "not in a position to agree or disagree" at the time. DE 58 at 12:5-18. No further discussion was heard on the issue at sentencing.

United States Sentencing Guideline § 5C1.2 covers a limitation of Applicability of Statutory Minimum Sentences in Certain Cases. This is colloquially referred to as the "Safety Valve" in the Federal Sentencing Guidelines. A corresponding statutory version is present in 18 U.S.C. § 3553(f). Among other things, it requires that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 5C1.2(2), *see also* 18 U.S.C. § 3553(f)(2). As Merino received a two-point enhancement for the firearm under U.S.S.G. § 2D1.1, he was not offered the safety valve by the probation department.

For the reasons stated above, counsel Sherman engaged in deficient performance. Had Counsel Sherman asserted and argued that the firearm was not used in furtherance of the offense here, Merino would have eligible for the Guidelines and statutory Safety Valve, and there was a reasonable likelihood that Merino would have received it.  The impact of this would have been an additional reduction past the 108 months that Merino received. Thus, Sherman engaged in ineffective assistance of counsel.

## VI. CONCLUSION

Based on the foregoing, the Court should grant Merino § 2255 relief.


Respectfully submitted,

/s/ Hal Arenstein
Hal Arenstein
Arenstein and Gallagher

114 East 8th Street
Cincinnati, Ohio
Tel: 513-641-5666
Email: halalawyer@aol.com

*Local Counsel for Merino*

<u>/s/ Jeremy Gordon</u>
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Merino*