**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff-Respondent,**

    **v.**                  **Case Nos. 2:22-cr-14 & 2:24-cv-665**
                              **Judge Edmund A. Sargus, Jr.**

**MARCO R. MERINO,**

        **Defendant-Petitioner.**

### OPINION AND ORDER

This matter is before the Court on Defendant-Petitioner Marco R. Merino's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 61), which was filed through counsel. For the reasons stated below, the Motion is **DENIED**. (*Id.*)

### BACKGROUND

Mr. Merino was arrested on September 28, 2021, based on a criminal complaint that alleged he had trafficked cocaine and fentanyl and accepted bribes to protect what he believed to be a multi-kilogram shipment of cocaine while serving as a police officer. (ECF No. 1.) After Mr. Merino's arrest, the Government filed an information, charging Mr. Merino with one count of conspiracy to distribute and to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl and one count of federal program bribery. (ECF No. 30.) The drug-conspiracy charge carried a 10-year mandatory minimum prison sentence. *See* 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(vi). The same day the Government filed the information, the parties filed a Plea Agreement, in which Mr. Merino pled guilty to the two counts in the information. (Plea Agreement, ECF No. 31.)

## I.    Mr. Merino's Plea Agreement

In the Plea Agreement, the parties agreed to various stipulations under the U.S. Sentencing Commission Guidelines ("Guidelines"), including that "the offense level should be increased by 2 levels because the Defendant possessed a firearm." (Plea Agreement, ECF No. 31, PageID 51, ¶ 8.b.) The Statement of Facts in the Plea Agreement describes how Mr. Merino agreed to protect what he believed to be shipments of cocaine from the Dayton area to the Ohio-West Virginia border. (*Id.* PageID 56.) The individuals involved in this transport, however, were undercover Federal Bureau of Investigation ("FBI") agents. (*Id.*) The events relevant to the firearm enhancement are related to that transaction and are described in the Statement of Facts:

> On August 13, 2021, Mr. Merino accepted $15,000 in exchange for protecting what he believed to be 20 kilograms of cocaine. He followed the transport from the Dayton area to an area east of Wheeling, West Virginia. Mr. Merino possessed a firearm in furtherance of the protection of cocaine, and prior to the payment Mr. Merino revealed a concealed firearm to one of the FBI undercover agents.

(*Id.*) Mr. Merino and his attorney signed the Statement of Facts, and Mr. Merino acknowledged "that it is true and correct." (*Id.* PageID 57.)

## II.   Mr. Merino's Guilty-Plea Hearing

Mr. Merino entered a guilty plea on February 8, 2022, and at the change-of-plea hearing, affirmed that the Plea Agreement contained a stipulation that the firearm enhancement applied and that the Statement of Facts was correct. (ECF No. 58, PageID 227, 229, 231.) The Government summarized the content of the Plea Agreement, including that the parties had agreed Mr. Merino's offense level should be increased by two because of Mr. Merino's firearm possession. (*Id.* PageID 227.) The Court asked Mr. Merino if the Government's summary was also his understanding of the Plea Agreement, and Mr. Merino answered "Yes, Your Honor." (*Id.* PageID 229.) As for the Statement of Facts, Mr. Merino agreed, on the record, that "all of the facts" were "all exactly correct." (*Id.* PageID 231.)

The Court sentenced Mr. Merino to 108 months in prison and five years of supervised release on February 2, 2023, and entered judgment the same day. (ECF No. 50.)

**III.    The § 2255 Motion**

Mr. Merino timely filed his Motion to Vacate on February 15, 2024. (ECF No. 61.) The next day, Mr. Merino's counsel, Terry Sherman, who represented him in the underlying criminal case, filed a "Response to Allegations of Ineffective Assistance of Counsel." (ECF No. 62.) The Court then ordered the Government to answer or otherwise respond to the §2255 Motion under Rules 4(b) and 5 of the Rules Governing § 2255 within 60 days of that Order. (ECF No. 63.) In the same Order, the Court gave Mr. Merino 21 days after the Government's filing to reply. (*Id.*) While the Government's response period was pending, Mr. Merino also filed a declaration signed by himself, explaining events that occurred on August 13, 2021. (ECF No. 64.)

The Government responded to Mr. Merino's Motion to Vacate on May 2, 2024 (ECF No. 65), and Mr. Merino did not timely file a reply. Five months later, Mr. Merino moved for an extension of time to reply, but this Court denied that motion. (ECF No. 68.) The § 2255 Motion is ripe for review.

**ANALYSIS**

Defendant states two grounds for relief in his § 2255 Motion. On the first ground, Mr. Merino argues his counsel was constitutionally ineffective in failing to object to the firearm enhancement. (ECF No. 61, PageID 243.) On the second ground, Mr. Merino states that his counsel was constitutionally ineffective in failing to move for safety-valve relief. (*Id.* PageID 244.)

The Sixth Amendment guarantees the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether ineffective assistance of

3

counsel warrants a new trial. A defendant must demonstrate "(1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant." *Simmonds v. Bowen*, 841 F. App'x 838, 840 (6th Cir. 2021) (citing *Strickland*, 466 U.S. at 687).

"Under the first prong of the *Strickland* test, Defendant must show 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *United States v. Leedy*, No. 1:16-CR-036, 2023 WL 3479996, at *6 (S.D. Ohio May 16, 2023) (Black, J.) (quoting *Strickland*, 466 U.S. at 688). *Strickland* instructs that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Courts must avoid "the distorting effects of hindsight" to fairly assess attorney performance. *Id.*

As for the second *Strickland* prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Rather, counsel's performance must be prejudicial to be constitutionally ineffective. *Id.* at 692. To establish such prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Merino's first argument is that his counsel was ineffective because he failed to object to a Guidelines enhancement related to possessing a firearm in connection with the offense in Mr. Merino's presentence investigation report ("PSR"). (ECF No. 61-1, PageID 255–57.) Mr. Merino acknowledges that as indicated in the PSR, he agreed to engage in "protection" of the transport of drugs. (*Id.* PageID 256 (citing PSR, ECF No. 38, ¶¶ 11, 18–22, 28).) He argues, though, that "there were no specific articulable facts in the PSR about how the firearm was to be used in the furtherance of that protection, intervention or any other aspect of the offense." (*Id.*)

Mr. Merino's second argument is that his counsel was constitutionally ineffective because he failed to move for safety-valve relief under 18 U.S.C. § 3355(f) and U.S.S.G. § 5C1.2. (*Id.* PageID 257–58.) Mr. Merino notes that, "[a]s [he] received a two-point enhancement for the firearm under U.S.S.G. § 2D1.1, he was not offered the safety valve by the probation department." (*Id.* PageID 258.) So, Mr. Merino concedes his second argument turns on the success of his first:

> Had Counsel Sherman asserted and argued that the firearm was not used in furtherance of the offense here, Merino would have [been] eligible for the Guidelines and statutory Safety Valve, and there was a reasonable likelihood that Merino would have received it. The impact of this would have been an additional reduction past the 108 months that Merino received.

(*Id.*)

In response, the Government explains that Mr. Merino's arguments involve four intersecting provisions of law:

> *First*, U.S.S.G. § 2D1.1(b)(1) provides in drug cases that a defendant's offense level should be increased "[i]f a dangerous weapon (including a firearm) was possessed." *Second*, 18 U.S.C. § 3553(f) exempts defendants from mandatory minimum penalties if they were convicted of certain nonviolent drug crimes and if five criteria are met. *Third*, U.S.S.G. § 5C1.2 parallels § 3553(f) in defining the criteria for safety-valve relief. As relevant here, a defendant is eligible for safety-valve relief only if he "did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense." 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2). *Fourth*, U.S.S.G. § 2D1.1(b)(18) provides in drug cases that a defendant's offense level should be decreased by two levels if the defendant is eligible for safety-valve relief.

(ECF No. 65, PageID 273.)

The Government continues, explaining that the PSR recommended a two-level increase to Mr. Merino's offense level because he possessed a firearm in connection with the offense. (*Id.* (citing PSR, ECF No. 38, ¶¶ 43–44; U.S.S.G. § 2D1.1(b)(1)).) And because of that firearm possession, Mr. Merino was not eligible for safety-valve relief or the two-level reduction. (*Id.*

(citing 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2)).) Mr. Merino's counsel did not object to the PSR on these grounds.

The Government argues Mr. Merino's counsel was not constitutionally ineffective in failing to object because the Plea Agreement established a factual basis for Mr. Merino's convictions. (*Id.*) Given Mr. Merino's written Plea Agreement and admissions in open court that he possessed a firearm in connection with his drug offense, Mr. Merino cannot now establish that his attorney was ineffective because (1) "counsel cannot be deemed ineffective for failing to raise frivolous claims," and (2) a defendant "cannot establish that he was prejudiced by counsel's actions" as to an enhancement when "he agreed to the enhancement in his plea agreement and in open court." (*Id.* PageID 275 (citing *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998); *Scott v. United States*, No. 18-3447, 2018 WL 5879812, at *2 (6th Cir. Aug. 16, 2018); *Barker v. United States*, No. 23-1097, 2023 WL 9501137, at *3 (6th Cir. Dec. 4, 2023)).) The Government points out that had Mr. Merino's counsel objected to the firearm enhancement, the objection would have been contrary to the parties' stipulations in the Plea Agreement. (*Id.*) If Mr. Merino's counsel had violated the Plea Agreement, the Government would have no obligations under the Plea Agreement and could have, for example, brought additional charges or sentencing recommendations. (*Id.* PageID 275–76 (citing Plea Agreement, ECF No. 31, PageID 53).)

The Government's position is well-taken. Counsel cannot be ineffective for failing to challenge an enhancement that a defendant stipulated to in writing and in open court. Further, an objection would have been frivolous because of Mr. Merino's agreements to the firearm enhancement, and no prejudice could result from failing to bring a defective claim. *Smith v. Warden*, No. 20-3472, 2022 WL 601860, at *3 (6th Cir. Mar. 1, 2022) (citing *United States v. Mahbub*, 818 F.3d 213, 231 (6th Cir. 2016)).

Mr. Merino filed a declaration in support of his § 2255 Motion. (ECF No. 64.) Therein, Mr. Merino seems to try to provide new or additional facts about the August 13, 2021 incident. (ECF No. 64-1.) He states that the "[u]ndercover showed me an object that was for sale that was fashioned to look like a bat. . . . to pry a truck door open if needed." (*Id.* ¶ 2.) He says that the undercover agent said, "[y]ou could kill someone with this." (*Id.*) Mr. Merino then said, "[w]hy would you want to kill someone with that when you could just scare them." (*Id.*) Then Mr. Merino showed the "butt of his firearm" to the undercover officer. (*Id.*) He also states that he explained this to his lawyer and asked him to object to the application of the firearm enhancement, but Mr. Sherman refused to do so. (*Id.*)

Mr. Merino does not connect the statements in his declaration to the arguments in his § 2255 Motion and the declaration does not change the Court's analysis. Moreover, a defendant's response in open court and as part of a plea colloquy typically prevails over assertions in connection with a § 2255 motion. *Roman v. United States*, No. 21-5442, 2021 WL 8055773, at *3 (6th Cir. 2021) (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). Even assuming the statements in the declaration are true, they do not change the facts that Mr. Merino signed and agreed to the Plea Agreement with the two-level firearm enhancement and restated that commitment in open court during his change of plea hearing.

## CONCLUSION

Defendant Marco R. Merino's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 61) is **DENIED**. Defendant is not entitled to an evidentiary hearing because the record establishes that he is not entitled to relief. *See Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief"). Under Rule 11 of the Rules Governing § 2255 Proceedings and 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability because Defendant has not made a

substantial showing of the denial of a constitutional right. The Clerk is **DIRECTED** to enter judgment and terminate Defendant-Petitioner Marco R. Merino's § 2255 case.

       **IT IS SO ORDERED.**

**4/24/2026**                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                     **UNITED STATES DISTRICT JUDGE**